UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-14169-CV-MIDDLEBROOKS
MAGISTRATE JUDGE REID

RICHARD E. PLATT,

    Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR.,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. His petition attacks the constitutionality of his judgment of conviction in Case No. 56-2008-CF-003194-A, Nineteenth Judicial Circuit of Florida, St. Lucie County.

The undersigned has reviewed the entire record, including the operative § 2254 petition. [ECF 5]. As discussed below, the petition should be DENIED.

**I.    Background**

The state charged petitioner with one count of sexual battery on a child under 12. [ECF 10-1, p. 2[1]]. A jury convicted him. [*Id.* p. 4].

---

[1] All page citations for ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

Petitioner appealed. [*Id.* p. 12]. The Fourth District Court of Appeals ("Fourth District") affirmed without comment. *Platt v. State*, 63 So. 3d 777 (Fla. 4th DCA 2011).

Petitioner filed two motions for postconviction relief under Florida Rule of Criminal Procedure 3.850. The postconviction court dismissed both without prejudice and with leave to amend for exceeding the page limitation. *See* [ECF 10-1, pp. 145, 149-50].

Petitioner then filed a final amended Rule 3.850 motion. [*Id.* p. 157]. The postconviction court denied some of the claims without a hearing. [ECF 10-2, p. 97]. After an evidentiary hearing, the court denied the remaining claims. [*Id.* p. 103].

Petitioner appealed. The Fourth District affirmed without comment. *Platt v. State*, 236 So. 3d 1082 (Fla. 4th DCA 2017).

In this federal proceeding, petitioner filed an amended § 2254 petition. [ECF 5]. The state filed a response and supporting appendices. [ECF 9; 10; 11]. Petitioner replied. [ECF 15].

## II.  Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *Id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015). That is, "[a] state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination." *Id.* (citation omitted).

Under § 2254(d), "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion[,]" "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

But where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

A contrastable situation occurs when the decision of the last state court to decide a federal claim contains no reasoning and there is "no lower court opinion to look to." *Id.* at 1195. In this case, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural

principles to the contrary." *Richter*, 562 U.S. at 99 (citation omitted). Thus, in this scenario, "[s]ection 2254(d) applies even [though] there has been a summary denial." *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011) (citation omitted). Because § 2254(d) applies, and because the last state court decision is unreasoned and there is no lower court decision to look to, "a habeas court must determine what arguments or theories . . . could have supported[] the state court's decision[.]" *Richter*, 562 U.S. at 102.

### III.  Legal Analysis

A.  Claim 1

#### 1.  *Petitioner's Argument*

Petitioner contends that trial counsel ineffectively failed to object to the fact that a DVD of the victim's interview with the child protection team ("CPT") was provided to the jury during deliberations. [ECF 5, p. 5]. He contends that this failure prejudiced him because "had counsel properly objected . . . , the error would have been preserved for appellate review, and [he] would have been granted a new trial on direct appeal." [ECF 15, p. 5].

#### 2.  *Relevant Background*

The postconviction court denied this claim after a hearing. The court noted the state's concession that, under Florida law, it was error to send the DVD to the jury room during deliberations. [ECF 10-2, p. 105 (citing *Young v. State*, 645 So. 2d

5

965 (Fla. 1994))]. However, the court held that petitioner failed to show that this error prejudiced him. It reasoned:

> First, [petitioner] did not provide any evidence that the recording in question was actually watched by the jury. Second, . . . the jury could have reviewed the recording in open court. Third, . . . the recording of the interview between [petitioner] and law enforcement also went back to the jury. Therefore, the concern in *Young* that the jury would give more emphasis to the child protection team interview recording is alleviated by having [petitioner's] version of the events of that night before them. This Court notes that the recording of the interview between [petitioner] and law enforcement was played for the jury, but [petitioner] did not testify. Thus, [petitioner] was able to get his version of the events of that day before the jury without being cross-examined.

[*Id.* pp. 105-06].

Petitioner appealed. The Fourth District affirmed without comment. *Platt*, 236 So. 3d 1082.

### 3. *Discussion*

**a.   Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficiency, he must show that his attorney's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

6

To prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Richter*, 562 U.S. at 105. As the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* (citation omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner has the burden of proof on his ineffectiveness claim, *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under § 2254(d), *Pinholster*, 563 U.S. at 181.

Here, the postconviction court reasonably concluded that petitioner failed to show prejudice on this claim. The video was played during the trial, [ECF 11-4, pp. 128-48], and petitioner has not established that the jury watched it again during deliberations. Assuming it did, petitioner has not shown that this bolstered the victim's testimony; the video was largely cumulative of the victim's testimony. *Cf. McKenzie v. Sec'y, Fla. Dep't of Corr.*, 507 F. App'x 907, 909 (11th Cir. 2013) (per curiam) (counsel's failure to object to hearsay not prejudicial because hearsay was

cumulative of testimony provided by other witnesses); *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (same). Furthermore, video of the interview in which petitioner denied abusing the victim was played for the jury as well. Additionally, the court instructed the jury that it was free to "believe or disbelieve all or any part of the evidence or the testimony of any witness." [ECF 11-5, p. 86]. *See also Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

Petitioner contends that, had counsel objected, appellate counsel would have been able to raise this issue on appeal. Further, he contends that, had appellate counsel done so, the Fourth District would have reversed and remanded for a new trial. Thus, he concludes, counsel's failure to object prejudiced him.

This argument is flawed. *Strickland*'s prejudice prong "measur[es] prejudice in terms of impact on the result of the trial instead of on the result of the appeal[.]" *See Purvis v. Crosby*, 451 F.3d 734, 740 (11th Cir. 2006); *see also Kormondy v. Sec'y, Fla. Dep't of Corr.*, 688 F.3d 1244, 1274 (11th Cir. 2012) ("The prejudice prong requires the petitioner to establish a reasonable probability that, but for counsel's errors, the *outcome at trial* would have been different." (emphasis added) (citation omitted)). Here, for the above reasons, the postconviction court reasonably concluded that petitioner failed to make this showing.

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

**b.     Remaining Claims**

In state court, petitioner also asserted claim 1 under the Due Process and Confrontation Clauses. [ECF 10-2, pp. 4-6]. But postconviction court addressed only the ineffectiveness claim. Furthermore, petitioner re-raises these claims here. [ECF 1, pp. 5-6]. Therefore, the undersigned reviews these claims *de novo*. *See Bester v. Warden*, 836 F.3d 1331, 1337 (11th Cir. 2016) (citation omitted).

The due process claim is frivolous and fails for the reasons that the ineffectiveness claim fails. *See supra* Part III(A)(3)(a). In short, petitioner has not shown that sending the video to the jury "so infused the trial with unfairness as to deny [petitioner] due process of law." *See Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (citation omitted).

The Confrontation Clause claim also fails. "The Confrontation Clause of the Sixth Amendment states: 'In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Michigan v. Bryant*, 562 U.S. 344, 352 (2011). "[T]his provision bars 'admission of testimonial statements of a witness *who did not appear at trial* unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Davis v. Washington*,

547 U.S. 813, 821 (2006) (emphasis added) (quoting *Crawford v. Washington*, 541 U.S. 36, 51 (2004)).

Here, however, the victim testified at trial. Furthermore, counsel cross-examined her on the same subject matter of her CPT interview. *Compare* [ECF 11-3, pp. 118-52 (cross-examination)], *with* [ECF 11-4, pp. 128-48 (video)]. Accordingly, petitioner has not shown a Confrontation Clause violation. *See United States v. Garcia*, 447 F.3d 1327, 1335-36 (11th Cir. 2006); *Jones v. Dugger*, 888 F.2d 1340, 1342-43 (11th Cir. 1989).

In sum, claim 1 lacks merit.

B.  Claim 2

Claim 2 is unclear. Petitioner appears to contend that counsel ineffectively failed to object to the in-court presentation of the victim's CPT interview, which he contends contained evidence of prior bad acts that the state did not charge. [ECF 5, pp. 7-8]. He contends that playing the video violated due process for the same reason. [*Id.* p. 7].

Petitioner raised a variant of this claim in state court. *See* [ECF 10-2, pp. 23-25]. The postconviction court rejected this claim as "meritless, not supported by the record," and failing "to show a reasonable probability sufficient to undermine confidence in the outcome of the case[.]" *Compare* [ECF 10-2, pp. 76-77], *with* [*id.* p. 100]. The Fourth District affirmed without comment. *Platt*, 236 So. 3d 1082.

The postconviction court reasonably rejected this claim. For starters, counsel objected to the admission of the interview on various grounds, including that it contained hearsay and prior bad acts. *See, e.g.*, [ECF 11-3, pp. 73-75]. The trial court overruled this objection. Thus, there is a reasonable argument that counsel was not deficient.

The postconviction court also reasonably concluded that playing the interview did not prejudice petitioner. As noted, the victim's statements during the interview were largely cumulative of her trial testimony. *Cf. McKenzie*, 507 F. App'x at 909; *Woodford*, 527 F.3d at 930 n.4. Furthermore, counsel cross-examined the victim at trial. Additionally, petitioner's interview with law enforcement was played for the jury. Moreover, the court instructed the jury that it could believe or disbelieve all or any part of the evidence or the testimony of any witness. For the same reasons, playing the video did not "so infuse[] the trial with unfairness as to deny [petitioner] due process of law." *See Estelle* 502 U.S. at 75.

In sum, the state courts' rejection of claim 2 was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

C.  Claim 3

Petitioner contends that the trial court violated due process by admitting the victim's CPT interview, which contained the child's hearsay statements. [ECF 5, pp.

10-11]. The trial court admitted the CPT interview under Florida's child hearsay exception, which generally allows the admission of a sufficiently reliable out-of-court statement made by a child 16 or under describing any act of sexual abuse. *See* Fla. Stat. § 90.803(23).

Petitioner raised this claim on direct appeal. *See* [ECF 10-1, pp. 25-33]. The Fourth District affirmed without comment. *Platt*, 63 So. 3d 777.

Courts "will not grant federal habeas corpus relief based on an evidentiary ruling unless the ruling affects the fundamental fairness of the trial." *Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998) (citation omitted).

However, "[t]he Supreme Court has made very few rulings regarding the admission of evidence as a violation of due process." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Indeed, while habeas courts should issue a writ "when constitutional errors have rendered the trial fundamentally unfair," the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Id.* (citation omitted).

Here, petitioner has identified no Supreme Court case squarely holding that the erroneous admission of unreliable or overtly prejudicial evidence violates due process. Claim 3 fails for this reason alone. *See Greene*, 565 U.S. at 38 ("clearly

established Federal law" under § 2254(d)(1) consists of Supreme Court "precedents as of the time the state court renders its decision" (citation and emphasis omitted)).

Furthermore, petitioner has not shown that the admission of the CPT interview "so infused the trial with unfairness as to deny [petitioner] due process of law." *See Estelle*, 502 U.S. at 75; *see also supra* Parts III(A)-(B).

In sum, the Fourth District's rejection of claim 3 was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

D.  Claim 4

Petitioner contends that counsel ineffectively stipulated to the state's reading the testimony of the victim's mother into evidence at trial. According to petitioner, the victim's mother gave the testimony at a prior trial for the same offense that ended in a hung jury. [ECF 5, p. 12].

Petitioner raised this argument in the postconviction court. [ECF 10-1, pp. 163-66]. The court rejected this claim on the merits. [ECF 10-2, p. 99]. Petitioner failed to raise this claim in his appeal to the Fourth District. [*Id.* pp. 122-42].

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "To provide the

State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in *each* appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Id.* (emphasis added) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). "In Florida, exhaustion usually requires not only the filing of a [Fla. R. Crim. P.] 3.850 motion, but an appeal from its denial." *Nieves v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 520, 521 (11th Cir. 2019) (per curiam) (alteration in original) (citation omitted).

A claim is procedurally defaulted for purposes of federal habeas review 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present [the claim] in order to meet the exhaustion requirement would now find the claim[ ] procedurally barred.'" *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 956-57 (11th Cir. 2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

The procedural rule under which the state court would find the claim barred must be "adequate and independent." *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). "State rules count as adequate if they are firmly established and regularly followed." *Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016) (per curiam) (citation omitted). Usually, state rules count as independent if their application does

not turn on a federal constitutional question. *See Frazier v. Bouchard*, 661 F.3d 519, 525 (11th Cir. 2011) (citation omitted).

Here, petitioner did not appeal the postconviction court's denial of claim 4. Thus, he failed to exhaust this claim.

This claim is also procedurally defaulted. Petitioner could not return to the Fourth District and raise it. The undersigned assumes *arguendo* petitioner could overcome a potential time bar by successfully petitioning the Fourth District for rehearing. Still, an "issue not raised in an initial brief is deemed abandoned." *Hoskins v. State*, 75 So. 3d 250, 257 (Fla. 2011) (citation omitted). This rule is independent and adequate. *Hernandez v. Jones*, No. 15-10184-CIV, 2017 WL 6558606, at *9 n.10 (S.D. Fla. Mar. 27, 2017) (citation omitted), *report and recommendation adopted*, No. 15-10184-CIV, 2017 WL 6604570 (S.D. Fla. Oct. 24, 2017); *Stoudmire v. Tucker*, No. 3:09CV48/MCR/EMT, 2011 WL 5426239, at *9-10 (N.D. Fla. Aug. 30, 2011) (collecting cases), *report and recommendation adopted*, No. 3:09CV48/MCR/EMT, 2011 WL 5442091 (N.D. Fla. Nov. 9, 2011).

In sum, claim 4 is procedurally defaulted. Hence, it fails.[2]

---

[2] The state argues that petitioner's § 2254 motion is untimely because the postconviction court dismissed his original Rule 3.850 motions for exceeding the page limitation. Thus, it contends that these motions were not "properly filed" under 28 U.S.C. § 2244(d)(2) and failed to toll the statute of limitations. [ECF 9, pp. 4-7]. However, these dismissals were without prejudice and with leave to amend. Therefore, the final amended Rule 3.850 motion related back to the original Rule 3.850 motion. *See Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1248 (11th Cir. 2017) (citations omitted); *see also Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 990 (11th Cir. 2019) ("[F]or the

## IV. Evidentiary Hearing

"[B]efore a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated [on the merits] by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." *Landers*, 776 F.3d at 1295.

Here, claims 1-3 were adjudicated on the merits in state court, and petitioner has not demonstrated an error in clearly established federal law or an unreasonable determination of fact regarding these claims. Thus, an evidentiary hearing is improper on these claims.

Nor is he entitled to an evidentiary hearing on claim 4. "[T]he record . . . precludes habeas relief[] [on this claim]." *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Furthermore, the court could "adequately assess [this] claim without further factual development." *See Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254

---

purposes of tolling under 28 U.S.C. § 2244(d)(2), a petitioner's Rule 3.850 motion is 'pending' until it is denied with prejudice."). Hence, this argument lacks merit.

16

Cases. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). By contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

17

Here, in view of the entire record, the undersigned denies a certificate of appealability. If petitioner disagrees, he may so argue in any objections filed with the district court. *See* Rule 11(a), Rules Governing § 2254 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## VI. Recommendations

As discussed above, it is recommended that petitioner's amended § 2254 petition [ECF 5] be DENIED.

It is further recommended that no certificate of appealability issue; that final judgment be entered; and that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 5th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Richard E Platt
618204
Okeechobee Correctional Institution
Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, FL 34972
PRO SE

Don M. Rogers
Attorney General Office
1515 N Flagler Drive
9th Floor
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 837-5099
Email: fedcourtfilings@oag.state.fl.us

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com